IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JONATHAN LEE RICHES,

    Plaintiff,                          Civil Action No. 3:08CV1

v.

LEMONY SNICKET,

    Defendant,

and

JONATHAN LEE RICHES,

    Plaintiff,

v.                                            Civil Action No. 3:08CV2

LOUISE DESNOYERS,

    Defendant,

and

JONTHAN LEE RICHES,

    Plaintiff,

v.                                            Civil Action No. 3:08CV7

WALTER LEROY MOODY,

    Defendant,

and

JONATHAN LEE RICHES,

        Plaintiff,

v.                                                      Civil Action No. 3:08CV8

WILBUR RAY TODD, JR.,

        Defendant,

and

JONATHAN LEE RICHES,

        Plaintiff,

v.                                                        Civil Action No. 3:08CV9

PLAXICO BURRESS,

        Defendant.

**REPORT AND RECOMMENDATION THAT ALL ACTIONS BE DISMISSED WITHOUT PREJUDICE AND THAT THE CLERK BE INSTRUCTED NOT TO FILE ANY FURTHER ACTIONS RECEIVED FROM JONATHAN LEE RICHES WITHOUT THE EXPRESS WRITTEN ORDER OF A JUDGE OF THIS COURT**

I. Introduction

Plaintiff, Jonathan Lee Riches, pro se, filed each of the above actions between January 2, 2008 and January 10, 2008. In addition, Plaintiff filed 24 other actions between those dates which are now pending before the other Judges of this court.

Jonathan Lee Riches is an inmate at FCI Williamsburg in Salters, South Carolina and can best be described as a serial filer of lawsuits. The United States Courts Pacer U.S. Party/Case Index lists Jonathan Lee Riches as having filed 377 actions between February, 2006, and January 10, 2008.

## II. Discussion

Plaintiff has not paid the $350.00 filing fee in any of these five cases. However, the PLRA has restricted when a complaint may be filed without prepayment of fees. Specifically, 28 U.S.C. §1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Furthermore, this Court has the power to issue an injunction pursuant to the All Writs Act to protect against further frivolous litigation. 28 U.S.C. § 1651(a). The Fourth Circuit thoroughly discussed the law surrounding whether a district court should grant a pre-filing injunction in Cromer v. Kraft Foods North America, Inc., 390 F.3d 812, 817-20 (4th Cir. 2004). Injunctions should be issued only in extreme cases. Id. at 818. The court must consider four factors:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Id. If the Court decides an injunction is appropriate, it "must endure that the injunction is narrowly tailored to fit the specific circumstances at issue." Id. Moreover, the person the injunction will issue against must receive "notice and an opportunity to be heard: regarding why an injunction is inappropriate. Id. at 819.

## III. Analysis

### A. Three Strikes' Rule

3

The records of the federal courts indicate that at least seven of Plaintiff's prior suits were dismissed prior to service of process as frivolous pursuant to 28 U.S.C. § 1915. Riches v. Guantanamo Bay, Case No. 2:07-CV-13041-VAR (E.D. Mich., Order of August 8, 2007); Riches v. Bureau of Prisons, Case No. 6:06-CV-00194-MBS (D.S.C., Order of Mar. 17, 2006); Riches v. Doe, Case No. 1:07-CV-20042-FAM (S.D. Fla., Order of January 24, 2007). Riches v. Simpson, et al, Case No. 6:07-CV-1504 - Orl - 31 KRS (M.D. FIA Order of Sept. 24, 2007); Riches v. Jena 6, et al, Civil Action No. 07-1656-A (WD LA Order dated October 24, 2007); Riches v. Swartz, et al., Civil Action No. 7:07-CV-00379 (WD Va dated August 13, 2007); Riches v. Williams, et al., Civil Action No. 7:07-CV-427 (WD Va Order dated September 12, 2007). Therefore, based on the strikes plaintiff has accumulated, he may not file another complaint without prepayment of fees unless he is in "imminent danger of serious physical injury."

The sum and substance of the plaintiff's complaints are set forth as follows:

1. Complaint. Under 42 U.S.C. § 1983. I seek $8 million. Today is Christmas. Defendant is in a conspiracy to violate my constitutional rights. I got a cheese sandwich for dinner and moldy bread. My floor is dirty. I get harassed by West Virginia B.O.P. officials. I can't have a watch to see what time it is. This is civil abuse.

2. Complaint. 42 U.S.C. § 1983 and TRO Restraining Order. Defendant plans to keep me in solitary confinement under FCI Williamsburg's orders until March, 2012 then make me work prison labor in 9 West Virginia coal mines. This is a modern day slavery. FCI Williamsburg pays me on $0.12 cents a month. I seek $1.8 million in labor abuse.

3. Complaint. Under 42 U.S.C. § 1983. I seek a restraining order. Moody is violent. He sent a bomb to his wife, and the NAACP Building, and now wants to transfer to FCI

Williamsburg to do me harm. I'm scared. I'm very Moody. West Virginia had me in P.C. I want to transfer D.C. I seek $8 million and relief help.

    4.    <u>Complaint</u>. Under 42 U.S.C. § 1983. I made a bid for Todd's house at a auction on Moonlight Rd. Todd won't sell me the house. I can't get credit because I'm an inmate. This is discrimination. Todd does dog fighting on his property. Todd avoids property taxes that Federal money is supposed to feed me. I'm starving. I seek $18 million.

    5.    <u>Complaint</u>. 42 U.S.C. § 1983. TRO Restraining Order. I sued Burress's best friend, Randy Moss, from West Virginia. Burress knows guards at FCI Williamsburg that will do be bodily harm for signed Burress autographs. Burress does not practice, he fakes an ankle injury to collect insurance policys (sic). Burress also hates me because I'm a Philadelphia Eagles fan. I seek $75 million.

Not only do the Plaintiff's assertions in the above complaints not qualify as a claim of imminent danger of serious physical injury, they are irrational and wholly incredible. Therefore, they should be dismissed for failure to pay the filing fee contemporaneously with the complaints.

B.  Pre-Filing Injunctions

The undersigned now considers whether to recommend imposition of a pre-filing injunction against any future filings Plaintiff may make before the Court. The court is guided by the standards of <u>Cromer</u>, 390 F.3d at 817-20, discussed more fully above. First, Plaintiff has a history of frivolous litigation. His claims have been dismissed in many other districts. Second, while the Plaintiff may believe he has valid claims, given the nature of his allegations, it is far more likely that he simply is seeking to harass both the defendants and the Court. Third, the burden on the Court and other parties is great. The Court must spend its scarce resources evaluating claims ending in summary

dismissal. This could have been avoided had Plaintiff not filed these cases. Fourth, there appear to be no alternative sanctions which could better alleviate the problem of additional filings than a pre-filing injunction. Accordingly, the undersigned hereby forewarns the Plaintiff it is recommending the following pre-trial injunction be issued to give him notice and an opportunity to be heard.

Accordingly, the Court hereby recommends:

1) the complaints in each of the above-styled civil actions be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. §1915(g). See Dupree v. Palmer, 284 F. 3d 1234, 1236 (11th Cir. 2002)("The proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of §1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit.").

2) That a pre-filing injunction be issued against Plaintiff, and that the Clerk of the Court be **ORDERED** to refuse any new complaints for filing in a matter from Plaintiff before obtaining leave by a judge of this Court.

3) That leave of Court be forthcoming upon Plaintiff's demonstration through a properly filed motion that the proposed filing (1) can survive a challenge under Federal Rule of Civil Procedure 12, (2) is not barred by the principles of issue or claim preclusion, (3) is not repetitive or in violation of a court order, and (4) is in compliance with Federal Rule of Civil Procedure 11.

4) That the recommended injunction imposed by this opinion shall not apply to filings in currently pending actions, the filing of timely notices of appeal to the Court of Appeals, and papers filed solely in furtherance of such appeals.

5) That the Clerk of the Court file a copy of this Report and Recommendation in each of the five civil actions referenced in the style of this case.

Any party may file within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable John P. Bailey, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 4 th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet.

DATED: January 14, 2008

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE